

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00520-CV

———————————————

IN THE MATTER OF E.S.

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-124027-24

Before Bassel, Wallach, and Walker, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

This is an appeal from a juvenile court's order transferring Appellant E.S.'s pending juvenile case[1] to criminal district court for trial as an adult. *See* Tex. Fam. Code Ann. § 54.02(a). For the reasons set forth below, we affirm the transfer order.

E.S.'s court-appointed appellate counsel has filed a motion to withdraw[2] and supporting brief in which he states that he has reviewed the record and believes the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings). Counsel provided a copy of the brief to E.S., and he

---

[1]E.S. is accused of committing two counts of aggravated robbery, a first-degree felony, when he was sixteen years old. *See* Tex. Penal Code Ann. § 29.03.

[2]We note that counsel's motion to withdraw does not inform E.S. of his right to appeal our decision to the Texas Supreme Court. That failure, however, has no bearing here because, as set forth below, we deny the motion to withdraw. When, as in this case, the trial court finds a child's family indigent and appoints counsel, that counsel must continue to represent the child "*until the case is terminated*, the family retains an attorney, or a new attorney is appointed by the juvenile court." Tex. Fam. Code Ann. § 51.101(a) (emphasis added). The record in this case does not show that either of the latter two events has occurred, and this case has not "terminated" because not all appeals have been exhausted. *See In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.) (citing *In re P.M.*, 520 S.W.3d 24, 26 & n.5, 27 (Tex. 2016) (order)). Counsel thus has a continuing duty to represent E.S. until he has exhausted all appellate proceedings, including possibly filing a petition for review in the supreme court. *See In re T.R.*, No. 02-17-00351-CV, 2018 WL 4625363, at *1 n.1 (Tex. App.—Fort Worth Sept. 27, 2018, no pet.) (mem. op.) (citing *In re D.T.*, No. 02-17-00061-CV, 2017 WL 2806323, at *3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.)).

informed E.S. of his right to review the record and file a pro se response to the *Anders* brief. E.S. did not file a motion seeking access to the record or a pro se response. The State declined to file a brief but indicated in a letter that it agreed with E.S.'s counsel that E.S. "has no meritorious grounds upon which to advance an appeal in this case."

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). When analyzing whether any grounds for appeal exist, we consider the record, the *Anders* brief, and any pro se response. *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

After carefully reviewing the record and counsel's *Anders* brief, we find nothing in the record that might arguably support the appeal; thus, we agree with counsel that this appeal is without merit. *See D.T.*, 2017 WL 2806323, at *1.

Regarding the court costs assessed, the clerk's record contains a bill of costs for $85, and the first supplemental sealed clerk's record contains a bill of costs for $29; these costs are for filing fees, for preparation of the clerk's records for appeal, and for certification-and-seal fees.[3] *See* Tex. R. Civ. P. 145(a); *see* Tex. Fam. Code Ann. § 51.17(a). But E.S.'s grandmother, who served as his guardian, had filed an uncontested affidavit of indigence in the trial court, and the trial court found that E.S.

---

[3]The bills of costs in the clerk's record and in the first supplemental sealed clerk's record state, "Clerk's Record & Seal Fee Not Paid by Appellant," but they do not state whether E.S. has been charged for those costs.

3

could not afford an attorney and appointed him counsel. Nothing in the record shows that E.S. has ceased to be indigent. "For a party who files an affidavit of inability to pay costs, there are no costs to bill[.]" *Campbell v. Wilder*, 487 S.W.3d 146, 151 (Tex. 2016) (explaining that under Rule 145, the affidavit is in lieu of paying or giving security for costs, and that an uncontested affidavit of inability to pay is conclusive as a matter of law). Accordingly, we delete a total of $114—all of the clerk's-record and certification-and-seal fees assessed by the trial-court clerk in this appeal—from the two bills of costs. *See In re C.J.*, No. 02-24-00070-CV, 2024 WL 3978048, at *1–2 (Tex. App.—Fort Worth Aug. 29, 2024, no pet.) (per curiam) (mem. op.).

We affirm the trial court's transfer order. But because counsel has not alerted us to the existence of any of the circumstances listed in Family Code Section 51.101(a), we deny counsel's motion to withdraw. Tex. Fam. Code Ann. § 51.101(a); *see D.T.*, 2017 WL 2806323, at *1; *see also P.M.*, 520 S.W.3d at 27–28 (holding, in order abating appeal for the appointment of counsel, that Family Code Section 107.013 requires appointed counsel to represent client through all proceedings in the Texas Supreme Court unless good cause other than the existence of a frivolous appeal is shown). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless E.S. retains new counsel or the trial court appoints him new counsel. *See* Tex. Fam. Code Ann. § 51.101(a).

Per Curiam

Delivered: April 10, 2025